**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| PHILIP WOOD, | ) | CASE NO. 1:12-CV-1339 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | VECCHIARELLI |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER** |

Plaintiff, Philip Wood ("Plaintiff"), through his counsel, Katherine M. Braun ("Counsel"), filed an application for attorney's fees, expenses, and costs in the amount of $3,141.42 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. No. 19.)  Defendant, Carolyn W. Colvin, the Acting Commissioner of Social Security ("Commissioner")[1] does not oppose an award under the EAJA, but argues that this Court should reduce it.

For the reasons set forth below, Plaintiff's motion for EAJA fees is GRANTED in part and DENIED in part; that is, Plaintiff is awarded a total of $2,187.50 to fully satisfy all reasonable attorney's fees, expenses, and costs incurred under the EAJA.

## I.   PROCEDURAL HISTORY

In November 2008, Plaintiff filed applications for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 423, 1381(a), and Period of Disability ("POD") and Disability Insurance Benefits ("DIB") under Title II of the

---

[1]  On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security.  She is automatically substituted as the defendant in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Act, 42 U.S.C. §§ 416(i), 423.  (Transcript ("Tr.") at 37.)  His applications were denied initially and upon reconsideration, and Plaintiff requested an administrative hearing before an administrative law judge ("ALJ").  (*Id.*)  In January 2011, after conducting a hearing, the ALJ found that Plaintiff was not disabled.  (Tr. 44.)  In April 2012, the Appeals Council declined to review the ALJ's decision, and that decision became the final decision of the Commissioner.  (Tr. 1.)

In May 2012, Plaintiff filed his Complaint in this Court, requesting review of the Commissioner's final decision.  (Doc. No. 1.)  In December 2012, the parties filed a Joint Proposed Stipulation, remanding the case to the agency, with instructions to the ALJ to: update Plaintiff's medical records, offer to conduct a new hearing, issue a new decision and, if necessary, obtain the testimony of a vocational expert.  (Doc. No. 17.)  Thereafter, this Court entered judgment remanding the case to the agency pursuant to the parties' joint stipulation.  (Doc. No. 18.)

On March 4, 2013, Plaintiff filed his EAJA application.  (Doc. No. 19.)  He seeks an award of $3,141.42, which consists entirely of 17.5 hours of services rendered by Counsel from April 2012 through March 2013, at a rate of $179.51 per hour.  (Doc. No. 19-1.)  On March 18, 2013, the Commissioner filed her response to the EAJA Application. (Doc. No. 21.)  Although she neither opposes an award under the EAJA nor challenges the number of hours Counsel expended on this case, the Commissioner argues that this Court should reduce the hourly rate requested by Counsel because the requested rate is excessive and Plaintiff fails to support the request.  Plaintiff did not file a reply in support of the EAJA Application.

2

## II.    LAW & ANALYSIS

The EAJA permits an award of only reasonable attorney's fees.  *See* 28 U.S.C. §2412(d)(2)(A).  The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *cf. Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) ("[O]nce a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in *Hensley*.").

### A.    Counsel's Hourly Rate

The EAJA provides that "[t]he amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished," and "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A); *see Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 449-50 (6th Cir. 2009).  Here, Plaintiff seeks EAJA fees for Counsel's work at an hourly billing rate of $179.51 per hour—an upward departure from the $125.00 cap – based an increase in the cost of living caused by inflation since 1996.

Although it is within the Court's discretion to award EAJA fees at a rate greater than $125.00 per hour, *see Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir.1992), plaintiffs bear the burden of producing appropriate evidence to support the requested increase.  *Bryant*, 578 F.3d at 450.  That is, plaintiffs "must

produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

Here, Plaintiff offers no evidence to support his request for an hourly rate above $125.00.  Rather, he cites to this Court's decision in *Woods v. Astrue*, No. 1:10-CV-1714, 2012 WL 529820 (N.D. Ohio Feb. 17, 2012) (Vecchiarelli, Mag. J.), granting Plaintiff's request for a rate of $179.51 per hour.  According to Plaintiff, in *Woods*, this Court "found that the cost of living increases since the enactment of the EAJA justified an increase from $125.00 per hour to $179.51 per hour."  (EAJA Application at 1, Doc. No. 19 at 1.)  Plainitff, however, misunderstands this Court's holding in *Woods.*

In *Woods*, the plaintiff requested an hourly rate of $179.51.  *Id.* at *4.  To support his request, the plaintiff explained "that the hourly rate applied in [the] case is based on a cost of living increase for the first half of 2011, when most of the services . . . were rendered, pursuant to the Bureau of Labor Statistics' national consumer price index. " *Id*.  In that case, the Commissioner did not challenge the plaintiff's request for a cost of living increase.  Rather, the Commissioner contended "*only* that the cost of living increase for attorney's fees" should be based on a CPI other than the CPI on which the plaintiff relied in calculating the hourly rate.  *Id* (emphasis added).  Ultimately, this Court declined to decide which of the two CPIs was the appropriate measure, concluding that, "under the circumstances of this case, . . . [p]laintiff's requested attorney's fees are reasonable and appropriate."  *Id*.  Further, this Court noted that the difference between

4

the amount of fees that would result from using the Commissioner's proposed CPI, rather than the CPI proposed by the plaintiff, was $110.57.  *Id.* at *4, n.10.

Contrary to Plaintiff's assertion, in *Woods*, this Court did not conclude that an hourly rate of $179.51 was appropriate in all social security cases in which the plaintiff sought attorney's fees under the EAJA.  Rather, this Court's conclusion was based on the specific facts and arguments raised by the parties in *Woods*.  Plaintiff makes no attempt to explain how this Court's reasoning in *Woods* applies with equal force to his case.  Nor does he explain how a calculation based on the cost of living for the first half of 2011 applies to support his argument that he is entitled to the same hourly rate for work performed between April 2012 and March 2013.  Finally, he identifies no legal authority permitting this Court to excuse him from his burden of providing appropriate evidence to support his request for a cost of living increase.  In sum, Plaintiff has not carried his burden of demonstrating an hourly rate that exceeds the EAJA statutory cap of $125.00 per hour is appropriate in this case.

Accordingly, this Court declines to grant Plaintiff's request for an hourly rate of $179.51, and instead calculates Plaintiff's attorney's fees using the statutory cap of $125.00 per hour.  At this rate, Plaintiff is entitled to an award of attorney's fees in the amount of $2,187.50 (17.5 hours multiplied by $125.00).  This award is reasonable and appropriate under the circumstances of this case.

**B.     To Whom the EAJA Award Should Be Made Payable**

Plaintiff did not indicate in his initial EAJA application whether he assigned his right to be paid to his attorney pursuant to a fee agreement.  However, pursuant to

5

*Astrue v. Ratliff*, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010), any EAJA award should be made payable to Plaintiff and not his attorney so that any pre-existing debt owed by Plaintiff to the government may be subject to administrative off-set.  Accordingly, counsel first shall determine whether Plaintiff owes a pre-existing debt subject to offset. If there is no pre-existing debt or the debt is less than the amount of the EAJA fee award, the balance of the EAJA fee award shall be made payable to Plaintiff's counsel if Plaintiff has assigned his rights to be paid to Counsel, or directly to Plaintiff, if no such assignment occurred.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff is awarded a total of $2,187.50 to fully satisfy all reasonable attorney's fees, expenses, and costs incurred under EAJA.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: April 18, 2013